CHICAGO–TEXAS LAND & LUMBER CO. v. ROBERTSON et al.

(Circuit Court of Appeals, Fifth Circuit.    March 23, 1909.)

No. 1,840.

CANCELLATION OF INSTRUMENTS (§ 37*)—RIGHT TO CANCELLATION.

    A bill for the cancellation of a deed to lands sold to an innocent purchaser to pay debts which were a legal charge upon them, where the complainant does not offer to pay the debt, is without equity.

    [Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. § 73; Dec. Dig. § 37.*]

Appeal from the Circuit Court of the United States for the Western District of Louisiana.

Hubert M. Ansley, for appellant.

A. P. Pujo, C. D. Moss, Geo. W. Wall, M. W. Greeson, and David G. Robertson, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM.    The bill in this case is one to cancel deeds of real estate sold to pay debts of complainant which were an admitted charge upon the lands conveyed, and it is without equity, in that complainant does not even offer to restore the large sums of money paid out for its benefit in satisfaction of such admitted legal charges.    Under the evidence, Matthews is an innocent purchaser, and is entitled to protection in a court of equity.    Greeson, although fully acquainted with the trust relations of Robertson, was a creditor of the complainant, and in all his dealings with the complainant and Trustee Robertson appears to have acted at arm's length.

The charges in the bill against Robertson for violation of trust, conspiracy for the purpose of making money, and bad faith are wholly unsustained by the evidence, which, on the contrary, shows that Robertson, as trustee, dealt with his trust fairly and honestly.

The decree of the Circuit Court is affirmed.